In re: Juan Carlos **OCASIO,** Debtor.

Juan Carlos Ocasio, Debtor–Appellant,

v.

Hon. Henry Needham Jr., Hon. Demetrio Agretelis, Appellees.

No. 05–4961–BK.

United States Court of Appeals, Second Circuit.

March 22, 2006.

Juan Carlos Ocasio, New York, N.Y., for Debtor–Appellant.

Samuel Kramer, New York, N.Y., for Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Debtor–Appellant Juan Carlos Ocasio ("Appellant" or "Ocasio") challenges a June 28, 2005 decision by the district court (Daniels, *J.*), which affirmed an order by the United States Bankruptcy Court for the Southern District of New York denying Appellant's motion to vacate the Bankruptcy Court's earlier dismissal of a civil suit that Appellant had brought against California Superior Court Judges Henry Needham, Jr. and Demetrio Agretelis. In that original action seeking compensatory and punitive damages from Appellees, Ocasio alleged that the California judges had violated automatic stay provisions that

were purportedly in operation by entering orders while Appellant was still subject to the jurisdiction of the Bankruptcy Court. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

The district court determined that Appellant's claims against Judges Needham and Agretelis were frivolous and barred by absolute immunity. It is not easy to decipher from Appellant's brief to us the specific factual allegations forming the basis of Ocasio's appeal. Nonetheless, even construing Appellant's *pro se* brief liberally to state intelligible claims, it is the law that, to the extent that Appellant seeks damages for acts Appellees performed in the course of their judicial functions, they cannot be held personally liable. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *see also Huminski v. Corsones,* 396 F.3d 53, 75 (2d Cir.2005) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability ... when he acted in the clear absence of all jurisdiction.") (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). We therefore affirm the decision below for substantially the reasons given by the district court.

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.